UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WEGMANS FOOD MARKETS, INC.,

                Plaintiff,

                                                <u>DECISION AND ORDER</u>

                                                06-CV-6059L

        v.

ANCOMA, INC., et al.,

                Defendants.
_____

**INTRODUCTION**

Plaintiff, Wegmans Food Markets, Inc. ("Wegmans"), filed a complaint for statutory interpleader on January 30, 2006 pursuant to 28 U.S.C. § 1335. On that same day, Wegmans moved, *ex parte*, for this Court to treat this case as a proper interpleader action and direct the United States Marshal to serve the numerous defendants listed in the complaint.[1] Wegmans also requested an order restraining all claimants from instituting any proceeding affecting the financial obligation at issue. (28 U.S.C. § 2361).

On February 22, 2006, the Court denied Wegmans' *ex parte* motion, and ordered it to show cause as to why this case is a proper interpleader action. (Dkt. #2). Wegmans filed an affidavit with exhibits and a memorandum of law in response. (Dkt. #4). The Court has reviewed Wegmans' submissions, and finds that dismissal of the complaint for interpleader is warranted.

---

[1] On February 13, 2006, Wegmans also submitted an *ex parte* motion for leave to deposit with the Clerk of the Court the sum of $330,750.00.

**FACTUAL BACKGROUND**

Between March 1, 2005 and September 21, 2005, Ancoma, Inc. ("Ancoma") performed construction and maintenance repair work at Wegmans stores in New York and Maryland pursuant to various agreements between Wegmans and Ancoma. Ancoma, in turn, subcontracted with thirty-three of the named defendants ("the labor and materialmen defendants") to provide labor and materials to Ancoma for the work at various Wegmans' stores.

Wegmans represents that Ancoma ceased business operations in September 2005 and now is insolvent. Wegmans acknowledges that under its outstanding agreements with Ancoma, it currently owes Ancoma payment for the work Ancoma performed at the various stores. Wegmans claims that this amount is $330,750 and refers to it as the "Ancoma Payable." Wegmans also represents that Ancoma did not paid the labor and materialmen defendants pursuant to its subcontracts with them. According to Wegmans, Ancoma still owes "in excess of $280,000" to the labor and materialmen defendants. (Affidavit of April Purdie, ¶11).

Since Ancoma ceased business operations, Wegmans has been receiving calls and correspondence from some of the defendants seeking payment from Wegmans as owner of the improved premises for the debts owed by Ancoma. Three such defendants have already filed notices of mechanics' liens against Wegmans' real property.

In addition, defendant Hudson United Bancorp ("Hudson United") claims to have a security interest in all of Ancoma's accounts receivables. Hudson United, through both a collection agency and legal counsel, has sought payment from Wegmans of the entire $330,750 Ancoma Payable Wegmans still allegedly owes Ancoma. It is unclear, though, what amount of the indebtedness is between Ancoma and Hudson United.

Wegmans claims that it is "ready, willing and able to pay the Ancoma Payable to the appropriate party," but it cannot determine whether "the superior claim to the Ancoma Payable" is held by the labor and materialmen defendants or by Hudson United. Wegmans claims that it fears

that payment of the Ancoma Payable to either the thirty-three labor and materialmen or to Hudson United "will expose Wegmans to potential double liability." Consequently, it seeks interpleader relief in federal court.

**DISCUSSION**

The purpose of interpleader is to avoid multiple, conflicting claims to a single, identifiable fund by forcing all claimants to resolve their competing claims in a single action before one court. *See State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530 (1967); *Ashton v. Josephine Bay Paul and C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1068 (2d Cir.1990). In short, interpleader "protect[s] plaintiff[] from multiple lawsuits involving singular liability." *North American Marketing Corp. v. K. Gronbach & Assoc., Inc.,* 221 F.R.D. 296, 298 (D.Conn.2002).

The first task in any interpleader action is to determine whether a plaintiff has met the prerequisites for statutory interpleader pursuant to 28 U.S.C. § 1335. *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir.1983). In this regard, Wegmans must establish that: (1) there are two or more "adverse" claimants, (2) who assert competing interests in, or entitlement to, (3) a single, identifiable fund.

Wegmans concedes that it has the burden of proving entitlement to invoke statutory interpleader. *See, e.g., Rubinbaum LLP v. Related Corporate Partners V, L.P.*, 154 F.Supp.2d 481, 486 (S.D.N.Y.2001). I find that Wegmans has failed to make the requisite showing that interpleader is appropriate in this case. As discussed below, I am not persuaded that this case involves a "single, identifiable fund" or "stake." Nor am I persuaded that the claimants are truly "adverse" to one another. Therefore, the interpleader complaint must be dismissed.

*Single, Identifiable Fund or Stake*

It is well-settled "that a single, identifiable fund is a prerequisite to an interpleader action." *Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098 (5th Cir.1992) (citing *Tashire*, 386 U.S. at 530 (stating that the legislative purpose was "to remedy the problems posed by multiple claimants to a single fund")). Wegmans claims that the stake at issue is "the Ancoma Payable." The Ancoma Payable represents the sum of $330,750 that Wegmans claims it still owes Ancoma for the work that Ancoma performed at Wegmans' stores.

The so-called "Ancoma Payable," however, is not the kind of "stake" or "identifiable fund" contemplated by the interpleader statute. It appears that the "Ancoma Payable" is based on multiple agreements between Wegmans and Ancoma that were executed over a period of months. Wegmans, however, did not file with the Court copies of these agreements. The Court, consequently, cannot readily define the $330,750 Ancoma Payable as a "single, identifiable fund." The $330,750 figure was derived at solely through Wegmans' own internal accounting procedures and is based on a review of its "books and records." (*See* Purdie Aff., ¶9). Wegmans gives no real explanation as to how it arrived at this figure, or what accounting it undertook internally to arrive at this sum. "[T]he absence of an undisputed definition as to how the amount of the fund was determined precludes a finding that the funds are identifiable." *North American Marketing Corp.*, 221 F.R.D. at 299. Wegmans has given the Court insufficient information about the "stake" or "fund" to meet its burden of proving that a single, identifiable fund is at issue. *See id.* at 298 ("The stake is not defined by express terms but rather appears to be quantified by plaintiff's unsupported declaration.").

As Judge Posner held in *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir.1984):

> The historical and still the primary purpose of interpleader is to enable a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder. *See* 7 Wright & Miller, Federal Practice and Procedure § 1701 (1972). By expanding interpleader jurisdiction to actions 'in the nature of interpleader,' 28 U.S.C. § 1335(a), the federal interpleader statute has relaxed the requirement that the stakeholder be neutral and

>that the conflicting claims have the same origin. But it is still necessary to decide 'whether the stakeholder legitimately fears multiple vexation ***directed against a single fund***.' 7 Wright & Miller, supra, § 1704, at p. 369. (emphasis added).

Because Wegmans has not proven the existence of a single fund of the nature and type normally at issue in an interpleader action, the remedy is inappropriate here.

*Adverse Claims*

In addition, interpleader is not warranted because Wegmans has failed to show that the claims here are truly adverse to each other, or to the "fund."  To establish adversity, plaintiff must demonstrate that there is a real risk of double payment on a single liability.  Although the claims do not have to arise from a common source or origin to be adverse, *see* 28 U.S.C. § 1335(b), the threat of multiple liability must arise from a single obligation or right.  "Claims are not adverse if the plaintiff stakeholder's potentially multiple liability arises from multiple obligations to different parties.  Interpleader is intended 'to prevent multiple recoveries only when there are not multiple obligations.'" 4 Moore's Federal Practice 3d, § 22.03[1][d]  (citing *Bradley v. Kochenash*, 44 F.3d 166, 169 (2d Cir.1995)).  In addition, "[a]dversity is not demonstrated when the stakeholder may be liable to all claimants." *North American Marketing Corp.*, 221 F.R.D. at 299.

Here, although Wegmans groups all the labor and materialmen defendants into one category, they are all individual claimants.  It seems that they may have as many as thirty-three different claims against Wegmans based on state statutory lien law.  Each of these claims, however, represents a separate, discrete claim against Wegmans, and each is not "adverse" to the other, or to the fund itself.  "Different funds with different claimants cannot be joined in one interpleader action. Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1715 (1986). '[A]n interpleader action, whether rule or statutory, will not lie where there are independent funds each with its own claimants – even if the two funds arose out of a common origin.' *Am. Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F.Supp. 164, 174 (D.V.I.1975)." *Wausau*, 954 F.2d at 1101.

Claims are adverse to one another when recovery by one claimant necessarily precludes recovery by an "adverse" claimant. That is, the claims of the interested parties must be mutually exclusive. Nothing in the record before this Court, however, demonstrates that that is the case at bar. Wegmans has failed to prove that the labor and materialmen defendants are making any claim to the same "stake" as Hudson United (the $330,750 accounts receivables that Wegmans owes to Ancoma), or that their claims are mutually exclusive to one another or to Hudson United. Wegmans does not allege that the labor and materialmen defendants have asserted claims against Ancoma or its accounts receivables. Instead, Wegmans claims that Ancoma owes these defendants approximately $280,082, and that they "may have a right to be paid" by Wegmans through operation of New York and Maryland state statutory lien law.

Wegmans then argues in conclusory fashion that it has but "a single obligation to pay the Ancoma Payable," and should not be liable to both Hudson United and the labor and materialmen defendants. Although that argument has some appeal, Wegmans has not established what limits its liability to all the interested parties to no more than $330,750, the amount it seeks to deposit as a fund in Court. Nor has Wegmans attempted to explain the nature of its "single obligation" under the facts of this case. Wegmans does not sufficiently state why it could not be liable to all the claimants here. It may be that Wegmans will be liable to both sets of claimants in an amount that exceeds $330,750. That may not occur though. Wegmans may have a defense to Hudson United's claim based on Ancoma's defalcation as to its subcontractors. *See Bradley,* 44 F.3d at 168 (denying interpleader where "plaintiffs could, as a matter of theory, justifiably be found liable to both sets of defendants").

Perhaps Wegmans' liability will be limited by operation of law, contract, or otherwise, but no showing has been made here that federal interpleader is the proper forum to resolve that question. *See North American Marketing Corp.*, 221 F.R.D. at 299 (denying statutory interpleader action where "plaintiff seeks a determination as to its liability for multiple contractual disputes while

providing little or no evidence of the terms of the operative agreements on which those disputes may be based.").

The Court is well aware of Wegmans' interest in painlessly resolving all of the issues it may face as the result of Ancoma's apparent insolvency and the outstanding debts related to work on Wegmans' real property. Nevertheless, that interest does not automatically entitle it to statutory interpleader. *See Tashire*, 386 U.S. at 530 536 ("interpleader was never intended . . . to be an all-purpose 'bill of peace.'"). "Interpleader is designed to prevent multiple recoveries only where there are not multiple obligations; it is not intended to telescope multiple obligations into one." *Bradley*, 44 F.3d at 169; *see also North American Marketing Corp.*, 221 F.R.D. at 299 ("Interpleader is not a cure-all for the possibility of multiple lawsuits seeking recovery out of what may come to be a limited liability, in amount, of plaintiff."). As the Fifth Circuit held in *Wausau*, 954 F.2d at 1101:

> We are aware that there are benefits to be gained from consolidating the claims of the numerous [claimants]. [Plaintiffs] face exposure to multiple litigation, and the similarity of the factual and legal issues presented indicates consolidation would ease their burden in this litigation. Nevertheless, it is inescapable that [plaintiffs] do not present a proper interpleader claim. Interpleader is not designed to solve all problems associated with multiparty litigation.

For all these reasons, I find that Wegmans has not proven its entitlement to statutory interpleader based on the circumstances of this case.

## CONCLUSION

Wegmans' complaint for interpleader is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
    April 10, 2006.